IDA KRAUS, Respondent, v. DAVID M. WOOLIN and Others, Appellants.— Order denying defendants' motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

IDA KRAUS, Respondent, v. DAVID M. WOOLIN and Others, Defendants, and MARTY HOLDING CORPORATION, Appellant.— Order denying motion to compel plaintiff to accept answer, and order granting, upon condition, defendants' motion to open default affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

MAE N. KYLES and JOHN G. KYLES, Appellants, v. THE CITY OF NEW YORK, Respondent, and JULIETTE FARISH, Defendant.— Appeal from an order denying plaintiff's motion for an order vacating and setting aside the dismissal of the action on February 26, 1940, and to restore the case to the calendar for trial, and from the judgment entered on the dismissal. Order reversed on the law and the facts, without costs, motion granted, judgment of dismissal entered April 24, 1940, vacated, and the case restored to the trial calendar Part I, Queens County, for October 20, 1941, upon condition that within five days from the entry of the order hereon the plaintiffs pay to defendant The City· of New York twenty-five dollars costs; otherwise, order and judgment unanimously affirmed, with ten dollars costs and disbursements. The failure of counsel to attend in court on the day the case was reached was inadvertent, not willful, and the denial of the motion to open the default and vacate the dismissal was not, under the circumstances, a reasonable exercise of discretion; it should have been granted on terms. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

SOPHIA L. LESLIE and JAMES LESLIE, Appellants, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.— Plaintiffs appeal from a judgment dismissing the complaint at the close of plaintiffs' case in an action brought by a wife to recover damages for personal injuries due to slipping on a station platform of defendant, and by the husband for expenses in the cure of his wife, and for loss of her services and society. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

FRED LIGETY, Respondent, v. B. & E. ALPER, INC., and GLASS DRESS CORPORATION, Appellants.— In an action to recover salesman's commissions, based on the furnishing of false statements of sales and deliveries, order denying defendants' motion directed against the complaint under rules 106, 90 and 103, Rules of Civil Practice, reversed on the law, without costs, and motion granted, without costs, to the extent of dismissing the second cause of action, with leave to plaintiff, if he be so advised, to serve a new complaint within ten days from the entry of the order hereon. In all other respects the motion is denied, without costs. The second cause of action contains no sufficient allegation for a cause of action in fraud. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.